IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT HOGAN, # 71439-065,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 13-cv-508-GPM |
| ) | |
| **OFFICER BLAIR** ) | |
| **and UNITED STATES,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Robert Hogan, who is currently incarcerated at the United States Penitentiary at Marion ("Marion"), brings this action seeking relief both under the Federal Tort Claims Act, ("FTCA"), 28 U.S.C. § 1346(b); § 2671 *et seq.*, and for alleged violations of his constitutional rights by a person acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

Plaintiff claims that on June 21, 2012, he was placed in the SHU (Special Housing Unit) after he was assaulted (Doc. 1, p. 5). His personal property was removed from his former cell, inventoried, and placed in clear plastic bags, in preparation for delivery to the SHU property officer. These items consisted of books, textbooks, papers, and art materials, which Plaintiff values at $1,632.18 (Doc. 1, pp. 5-6; Doc. 1-1, p. 10). Defendant Blair (a correctional officer) was on duty the next morning (June 22, 2012), and was responsible for the correct handling of Plaintiff's property. However, instead of sending Plaintiff's property to the SHU, Defendant Blair "maliciously and knowingly" sent all of it for disposal, and it was destroyed (Doc. 1, p. 5).

Plaintiff asserts these actions unconstitutionally deprived him of his property without due process.

Plaintiff filed a claim pursuant to the FTCA, which was denied on April 17, 2013 (Doc. 1-1, p. 5).  The letter of denial stated that Plaintiff's claim had been considered under 31 U.S.C. § 3723 but was rejected.

## Merits Review Pursuant to 28 U.S.C. § 1915A

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

## Count 1 – Federal Tort Claims Act

Plaintiff's claim under the FTCA for deprivation of his property has been foreclosed by the Supreme Court's decision in *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217-18 (2008).  In relevant part, the FTCA allows for "claims against the United States, for money damages . . . for injury or loss of property . . .  caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." § 1346(b)(1).  The FTCA waives the United States' sovereign immunity to being sued in federal court, and may apply in the prison context where federal prison employees commit a tort against an inmate.  *Ali*, 552 U.S. at 217-18.  However, there are certain exceptions to this coverage. Section 28 U.S.C. § 2680(c) states that the FTCA immunity waiver does not apply to "[a]ny claim arising in respect of . . . the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer."

The Supreme Court in *Ali* held that this language applies to instances in which an inmate attempts to sue the United States where a federal prison has lost his or her property. *Ali*, 552

U.S. at 227-28.  The Court determined that Federal Bureau of Prisons employees are "other law enforcement officers" under the FTCA, which means that prisoners whose property is intentionally "detained" by Federal Bureau of Prisons employees cannot bring suit under the FTCA.  *Ali*, 552 U.S. 214.  See also *Parrott v. U.S.*, 536 F.3d 629, 635-36 (7th Cir. 2008) ("detention" of property includes situation where inmate's property is confiscated and mailed outside the prison; § 2680(c) bars FTCA claim).

Plaintiff seeks compensation for the destruction of various property items by Defendant Blair, who is a federal officer.  Under *Ali*, the FTCA is not an available remedy.  Therefore, the FTCA claim (Count 1) and Defendant United States of America shall be dismissed for failure to state a claim upon which relief may be granted.

**Count 2- Deprivation of Property without Due Process**

The Supreme Court has held that deprivation of an inmate's property does not violate the due process clause *if* the government provides an adequate remedy, whether that deprivation is negligent or intentional.  *Hudson v. Palmer*, 468 U.S. 517, 536 (1984).  Before the *Ali* decision, the availability of a claim under the FTCA would have precluded a due process claim, because the FTCA formerly provided an adequate remedy to address the negligent deprivation of personal property.  *See Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003) (discussing *United States v. Muniz*, 374 U.S. 150 (1963)).

After *Ali*, however, the FTCA is unavailable as a remedy for inmates alleging deprivation of their personal property.  *Hudson* would seem to indicate that such a claim raised by a federal inmate could be brought in a *Bivens* action pursuant to the due process clause.  *See Hudson v. Palmer*, 468 U.S. 517, 536 (1984) (deprivation of an inmate's property does not violate the due process clause where there exists an adequate post-deprivation remedy).  At this point, it is not

entirely clear whether the Supreme Court meant to open up this avenue to federal inmates. In addition, if an alternative remedy available to Plaintiff is found to be "adequate," then there may have been no due process violation.[1] Because further factual development is appropriate in order to resolve this matter, this claim (Count 2) is not subject to dismissal at this stage of the litigation.

**Disposition**

**COUNT 1** is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. Defendant **UNITED STATES** is **DISMISSED** from this action with prejudice.

As to **COUNT 2**, the Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendant **BLAIR**; the Clerk shall issue the completed summons. The United States Marshal **SHALL** serve Defendant **BLAIR** pursuant to Rule 4(e) of the Federal Rules of Civil Procedure.[2] All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

In addition, pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the complaint, and this Memorandum and Order; and (2) send by registered or

---

[1] For example, the small claims settlement procedure pursuant to 31 U.S.C. § 3723 referenced in Doc. 1-1, p. 5).

[2] Rule 4(e) provides, "an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or law to receive service of process."

certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the complaint, and this Memorandum and Order.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.

Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** July 9, 2013

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge